UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
JASPER DIVISION

| | |
|---|---|
| **DONALD GLENN SPARKS,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) Civil Action No. CV-08-S-1650-J |
| | ) |
| **MICHAEL J. ASTRUE, Commissioner, Social Security Administration,** | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| **Defendant.** | ) |

**MEMORANDUM OPINION AND ORDER**

Claimant Donald Sparks commenced this action on September 8, 2008, pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final adverse decision of the Commissioner, affirming the decision of the Administrative Law Judge ("ALJ"), and thereby denying his claim for a period of disability and disability benefits. For the reasons stated herein, the court finds that the Commissioner's ruling is due to be reversed, and this case is due to be remanded to the Commissioner.

The court's role in reviewing claims brought under the Social Security Act is a narrow one. The scope of review is limited to determining whether there is substantial evidence in the record as a whole to support the findings of the Commissioner, and whether correct legal standards were applied. *See Lamb v. Bowen*, 847 F.2d 698, 701 (11th Cir. 1988); *Tieniber v. Heckler*, 720 F.2d 1251, 1253

(11th Cir. 1983).

Claimant contends that the Commissioner's decision is neither supported by substantial evidence nor in accordance with applicable legal standards. Specifically, claimant asserts that the ALJ failed to evaluate his residual functional capacity and analyze his disability status under the Medical-Vocational Rules, and failed to properly develop the record. He also argues that the Appeals Council failed to remand for review of new and material evidence. Upon review of the record, the court concludes that claimant's last contention has merit.

Claimant argues that the Appeals Council failed to remand the case for review of new and material evidence. After the ALJ entered his opinion, claimant submitted additional medical records to the Appeals Council, including records from Urology Centers of Alabama, LabCorp, and Baptist Health System. All of those medical records were made part of the official administrative file.[1] Claimant asserts, however, that he submitted other medical records to the ALJ that were *not* placed in the administrative file. Claimant attached the allegedly omitted medical records to his brief, and he argues that, because there is no way to prove that the Appeals Council reviewed those records before affirming the ALJ's decision, the case should be remanded for the Appeals Council to conduct that review.

It is true that the Appeals Council is required to evaluate all new and material

---

[1] Tr. at 288-319.

2

evidence submitted to it that relates to the period on or before the date of the ALJ's decision. *Keeton v. Dept. of Health and Human Services,* 21 F.3d 1064, 1066 (11th Cir. 1994) (citing 20 C.F.R. §§ 404.970(b), 416.1470(b)). Remand is warranted if the additional evidence constitutes substantial evidence to support a finding of disability. *See Ingram v. Commissioner of Social Sec. Admin.,* 496 F.3d 1253, 1258 (11th Cir. 2007) (holding that "a federal district court must consider evidence not submitted to the administrative law judge but considered by the Appeals Council when that court reviews the Commissioner's final decision denying Social Security benefits").

Most of the new evidence attached to claimant's brief could not be considered "material," because it does not support a finding of any disabling impairment. For example, records from chiropractor Greg Honeycutt on June 1, 2007 indicate that claimant experienced left hip pain, left leg pain, lower back pain, left knee pain, and soreness. Dr. Honeycutt advised claimant to use moist heat and ice, and to return in seven to ten days. While these records indicate that claimant experienced some pain, his pain required only conservative treatment and did not support the existence of a disabling impairment.[2] Further, a radiology report from Walker Baptist Medical Center on June 21, 2007 stated that claimant had a small piece of metal in his neck and experienced "[m]ild degenerative changes of the cervical spine."[3] Neither of

---

[2] *See* attachment to claimant's brief (doc. no. 6).
[3] *Id.*

those findings supports the existence of a disabling impairment.

Plaintiff also refers to other records from Walker Baptist Medical Center dated June 21, 2007, including the results of a head CT scan plaintiff received after reporting memory loss. The CT scan indicated that claimant experienced bilateral periventricular decreased attenuation compatible with microangiopathic changes, small low-density focus in the posterior left basal ganglia that was compatible with chronic lacunar infarction, and subtle decreased attenuation in the right frontal region adjacent to the caudate head. Dr. Horsley, who interpreted the CT scan results, stated that those findings likely indicated chronic small-vessel ischemic changes.[4] The court finds that these medical findings could be material to the disability determination. In his administrative hearing, claimant complained of continuing memory loss as a result of a stroke he suffered in 2000.[5] The ALJ noted claimant's complaints, but stated in the administrative decision that claimant did not suffer "anything other than age appropriate memory loss."[6] The ALJ did not evaluate, or even mention, any medical findings potentially related to claimant's memory loss.

Furthermore, the date of the CT scan does not negate its relevance. The Commissioner argues that the scan results cannot be considered material because the

---

[4] *See id.*
[5] Tr. at 335-39.
[6] Tr. at 26.

scan occurred several months after March 31, 2007, the date on which claimant's insured status expired. It is true that claimant would not be entitled to benefits for a disability that began after his date last insured. Even so, the results of a scan performed in September of 2007 still could be relevant to claimant's disability status as of March 31, 2007, because a finding of disability must be based upon the claimant's inability to perform gainful work activity for a continuous period of twelve months. *See* 42 U.S.C. § 423(d)(1)(A) (defining "disability," in part, as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months"). The ALJ, not the court, must make that decision in the first instance.

The court concludes that remand is warranted for the ALJ to consider the results of claimant's June 21, 2007 CT scan, as well as any other evidence of memory problems and the impairments claimant might experience as a result. Accordingly, the decision of the Commissioner is REVERSED, and this action is REMANDED for further administrative proceedings consistent with this memorandum opinion and order.[7] Costs are taxed as paid. The clerk is directed to close this file.

---

[7]Because the court concludes that remand is warranted for the ALJ to consider evidence first presented to the Appeals Council, the court need not consider claimant's other arguments in support of remand, *i.e.,* that the ALJ failed to evaluate his residual functional capacity and analyze his disability status under the Medical-Vocational Rules, and that the ALJ failed to properly develop the record.

DONE this 16th day of September, 2009.

                                                                                      _____
                                                                                      United States District Judge